2012R00553
GG/MAH/ms

RECEIVED
APR 2 2 2014
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *Plaintiff,*<br>v.<br><br>KEVIN DOWD<br><br>    *Defendant.* | Honorable Anne E. Thompson, U.S.D.J.<br><br>Criminal No. 13-636 (AET)<br><br>CONSENT JUDGMENT AND ORDER OF FORFEITURE |

**WHEREAS**, on or about 9/30, 2013, defendant Kevin Dowd (hereinafter "defendant") pled guilty to an Information charging him with conspiracy to commit securities fraud, contrary to contrary to Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240-10b-5, and in violation of Title 18, United States Code, Section 371; and

**WHEREAS**, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a person convicted of an offense in violation of Title 18, United States Code, Sections 371, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of that offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to the possession of $35,000 in United States currency (hereinafter "the Property") because it represents proceeds traceable to a violation of Title 18, United States Code, Section 371; and

**WHEREAS** defendant Kevin Dowd, pursuant to his plea agreement with the United States has agreed to deliver to the Asset Forfeiture and Money Laundering Unit of the United

States Attorney's Office, District of New Jersey, a certified or bank check payable to the United States Marshals Service in the amount of $35,000; and

**WHEREAS** if by any act or omission of the defendant, any property subject to forfeiture:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c); and

**WHEREAS** defendant Kevin Dowd:

(1) Consents to the forfeiture to the United States of $35,000 as property, real or personal, that constitutes or is derived from proceeds traceable to the offense to which he pled guilty;

(2) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property;

(3) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in

the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

  (4) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

  (5) Agrees, pursuant to Rule 32.2(b)(3), to consent promptly to the finalization of the order of forfeiture before sentencing if requested by the government to do so;

  (6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

  (7) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

**WHEREAS** Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, defendant Kevin Dowd shall forfeit to the United States the sum of $35,000; and

**IT IS FURTHER ORDERED** that a money judgment in the amount of $35,000 shall be entered against defendant Kevin Dowd; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e); and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to defendant Kevin Dowd at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $35,000 in United States currency to satisfy the forfeiture money judgment in whole or in part.

**ORDERED** this 17TH day of April, 2014.

_____
Honorable Anne E. Thompson
United States District Judge

The undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____        Dated: 9/30/12
By: MALA AHUJA HARKER
Assistant United States Attorney

_____        Dated: Sept 30, 2013
PETER WILLIS, ESQ.
Attorney for Defendant Kevin Dowd

_____        Dated: Sept 30, 2013
Defendant Kevin Dowd